# Law Offices of
# Alan L. Zegas

552 Main Street                                    phone:   973-701-7080
Chatham, New Jersey 07928                          fax:     973-701-7081

_____

Alan L. Zegas (NJ and NY Bars)
Mary Frances Palisano (NJ and NY Bars)             Website: zegaslaw.com
William Nossen (NJ and NY Bars)                    E-Mail:  azegas@zegaslaw.com
Edward Byrne (NJ Bar)
Judson L. Hand (NJ, E.D.N.Y. and S.D.N.Y. Bars)

*Electronically Filed*

February 28, 2008

The Honorable William J. Martini
United States District Court Judge
Martin Luther King Jr. Federal Office
   Building and Courthouse
50 Walnut Street
Newark, NJ 07102

      Re:  United States v. Sharpe James and Tamika Riley
          Criminal No. 07-578 (WJM)

Dear Judge Martini:

      The Government is seeking to introduce tape recordings of certain statements that defendant Sharpe James made before the state Senate in support of Senate Bill 967 that he sponsored as a state senator. Because the Speech or Debate clauses of both the United States and New Jersey constitutions bar their admission into evidence as involving "legislative acts," Mr. James moves in limine to bar the government's use of these recordings.

      The constitutional protection for freedom of speech and action in the legislature is as old as this country. See <u>Tenney v. Brandhove</u>, 341 U.S. 367, 372 (1951)(noting that similar protections were included in the Articles of Confederation). The Speech or Debate Clause of Article I, Sec. VI of the U.S. Constitution provides that "for any Speech or Debate in either House, they [the Senators and Representatives] shall not be questioned in any other Place." The Clause forbids the use as evidence not only of the legislative bills themselves, but discussions and correspondence describing those bills, even if those communications did not occur during the legislative process itself. <u>United States v. Helstoski</u>, 442 U.S. 477, 486-89 (1979). Furthermore, the immunity extends beyond the legislative acts and forbids inquiry into the reasons for those acts. <u>Id.</u> ("The Clause protects 'against inquiry into acts that occur in the regular course of the legislative process <u>and into the motivation for those acts</u>.")[Emphasis supplied].

1

In similar fashion, the Speech or Debate Clause of the New Jersey Constitution provides that:

> Members of the Senate and General Assembly shall, in all cases except for treason and high misdemeanor, be privileged from arrest during respective attendance at the sitting of their respective houses, and in going to and returning from the same; and for any statement, speech or debate in either house or at any meeting of a legislative committee, they shall not be questioned in any other place.

N.J. Const., art. IV, Sec. 4, para. 9. In applying the New Jersey Speech or Debate Clause, courts have followed the jurisprudence of the U.S. Supreme Court in cases such as Helstoski. See, e.g., State v. Township of Lyndhurst, 278 N.J. Super. 192, 200-02 (Ch. Div. 1994)(citing Helstoski in quashing deposition subpoenas served upon selected members of New Jersey Senate and Assembly because the discovery sought dealt with "legislative action").

Helstoski involved a former Congressman prosecuted for bribery in connection with an alleged scheme where aliens would pay him money to secure the introduction in Congress of private bills suspending the immigration laws, enabling the aliens to remain in the country. 442 U.S. at 479. At first apparently not aware of the Speech or Debate Clause protections, Helstoski testified several times before a grand jury about the legislative bills. After he was indicated, he moved to dismiss, asserting that the Clause immunized that testimony. The district court denied the motion, but the Third Circuit reversed, rejecting the government's arguments that (1) legislative acts could be introduced to show motive; and (2) Helstoski had waived the privilege by testifying before the grand jury. Id. at 485-87, 490-93.

In affirming the Third Circuit, the U.S. Supreme Court observed that in United States v. Johnson, 383 U.S. 169 (1966), the Court had unanimously held that the government could not maintain a criminal prosecution of a legislator based upon his motivation for legislative acts. 442 U.S. at 487-88. The Clause, it said, prohibits inquiry into "those things generally done in the House or the Senate in the performance of official duties and into the motivation for those acts." Id. at 488. [Quotation omitted]. Given that the testimony at issue involved the acting on, voting on, and resolution of a legislative issue, i.e., the immigration bills, the government could not rely upon that testimony to secure the bribery conviction. Id. at 485-90. As for waiver, the Court observed that, assuming for the sake of argument waiver of the Clause is possible at all, it could "be found only after explicit and unequivocal renunciation of the protection," because the ordinary waiver standard did not apply. Id. at 490-91.

Relying upon both the New Jersey Speech or Debate Clause and Helstoski, the Chancery Division in Township of Lyndhurst quashed the deposition subpoenas of several members of the New Jersey Assembly and Senate, holding that the legislators' previous cooperation and testimony in several judicial and investigative proceedings did

not constitute a waiver of their immunity under the Clause.  278 N.J. Super. at 199-201.  The government was seeking a judgment declaring void a $1,500,000 legislative grant disbursed to the township through a state agency.  The state Legislature, acting through an oversight committee on which the six targets of the subpoenas sat, had allegedly authorized the transfer.  The Court found that all of the committee members, even if they took no action on the purported transfer, were protected by the Clause, as their failure to act on the transfer also constituted "legislative action." Id. at 198-99

Here, there is no dispute that the tapes concern Mr. James' comments about the pending bill in the Senate, which constitutes a "legislative act."  To fall under the Clause, a legislator's communications must be either (1) literal speech or debate; or (2) conduct that constitutes "an integral part of the deliberative and communicative process by which Members participate in committee and [House] proceedings <u>with respect to the consideration and passage or rejection of proposed legislation</u> or with respect to other matters which the Constitution places within the jurisdiction of either House." Township of Lyndhurst, 278 N.J. Super. at 198. [Citations omitted][Emphasis supplied].

Mr. James was taped testifying about legislation he was sponsoring that would amend the Faulkner Act as it applied to larger municipalities in the state.  The government alleges that Mr. James' motivation in urging the passage of this bill was to benefit illegally himself and political associates and that the tapes will help them prove this motivation.  However, as Justice Frankfurter observed more than a half century ago, the privilege set forth in the Clause applies regardless of a legislator's motive: "The claim of an unworthy purpose does not destroy the privilege.  Legislators are immune from deterrents to the uninhibited discharge of their legislative duty, not for their private indulgence but for the public good." Tenney, 341 U.S. at 377.

In light of the foregoing, defendant respectfully requests that this in limine motion be granted and that Your Honor order that the tape recordings and any legislative statements made by defendant be barred from evidence under the Speech or Debate Clauses of the New Jersey and United States Constitutions.

Thank you for your consideration.

                        Respectfully submitted,

                        /s/ Alan L. Zegas

                        Alan L. Zegas

ALZ/a
cc:  Thomas Ashley, Esq.
     Raymond A. Brown, Esq.
     Judith Germano, AUSA

Gerald Krovatin, Esq.
Philip Kwon, AUSA
Perry Primavera, AUSA